UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| MICHAEL DAVIS, | : | |
| *Plaintiff*, | : | No. 3:16-cv-1117 (JAM) |
| | : | |
| v. | : | |
| | : | |
| HENRY FALCONE, *et al.*, | : | |
| *Defendants.* | : | |

**INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff Michael Davis is a prisoner in the custody of the Connecticut Department of Correction. He has filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983. The complaint was received on July 5, 2016, and plaintiff's motion to proceed *in forma pauperis* was granted on July 11, 2016. After an initial review, the Court concludes that the complaint should be served on all defendants.

**BACKGROUND**

Plaintiff names four defendants: Warden Henry Falcone, Deputy Warden Nathan Hein, Captain McDaniel, and Nurse Chastity Rosado. All defendants work at Garner Correctional Institution where plaintiff is incarcerated. Plaintiff principally contends that defendants wrongfully denied him access to necessary dental care.

The following allegations from plaintiff's complaint are accepted as true for purposes of the Court's initial review. On May 8, 2016, after waiting eight months to see a dentist, plaintiff submitted a formal request to each defendant seeking dental care and follow-up. During the eight-month wait, plaintiff experienced severe dental pain. Plaintiff submitted several more

requests but received no written response.

Plaintiff spoke to defendants Falcone and Hein in the hallway about his serious pain. They advised him to file a formal grievance with the medical unit, and plaintiff did so. Defendant Rosado refused to respond to the grievance in writing, but told plaintiff that budget cuts were the reason he was unable to see a dentist.

Plaintiff then received notification through the Inmate Request System that he had been scheduled for a dental appointment. On June 20, 2016, plaintiff asked defendant Rosado about that notification. Defendant Rosado told plaintiff that, regardless of the severity of his dental pain, he could not see a dentist because he had no money in his inmate account to cover the co-pay, and there were budget cuts. Plaintiff also informed defendant McDaniel, the Unit Manager, that he was being denied dental care. She did nothing to address this issue.

Plaintiff is still suffering extreme pain, often waking up at night because of the pain, and fears losing his teeth. He seeks damages as well as paid-for private dental care from a specialist.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. The Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless its factual recitations state a claim to relief that is plausible on its face. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (same). Nevertheless, it is well-established that "pro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'"

*Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

It is well established that "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). A deliberate indifference claim has two component requirements. The first requirement is objective: the alleged deprivation must be serious. The second requirement is subjective: the charged officials must act with a subjectively reckless state of mind in their denial of medical care. *See Spavone v. New York State Dept. of Correctional Servs.*, 719 F.3d 127, 138 (2d Cir. 2013); *Hilton v. Wright*, 673 F.3d 120, 127 (2d Cir. 2012).

Prisoners are not entitled to perfect dental care, but a denial of dental care may constitute a sufficiently serious deprivation to state a claim for deliberate indifference. The Second Circuit has held that "dental conditions (like other medical conditions) vary in severity and that a decision to leave a condition untreated will be constitutional or not depending on the facts of the particular case." *Harrison v. Barkley*, 219 F.3d 132, 136-37 (2d Cir. 2000). In evaluating a dental claim, the court should consider the pain suffered by the plaintiff, whether the teeth have deteriorated as a result of lack of treatment, and whether the plaintiff is able to engage in normal activities. *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998). While some delay in providing dental treatment does not necessarily rise to the level of deliberate indifference, *see Glover v. Greenman*, 2013 WL 1294698, at *9 (S.D.N.Y. 2013) (ten week delay in providing dental treatment does not constitute deliberate indifference), extended delays in treatment may constitute a constitutionally unreasonable deprivation of dental care. *See, e.g.*, *Harrison*, 219

3

F.3d at 183 (one-year delay in treating tooth cavity can constitute deliberate indifference); *Williams v. Jacobson*, 2016 WL 2733136, at *4 (S.D.N.Y. 2016) (facts alleging over one year delay in receiving properly fitting dentures survive motion to dismiss).

Plaintiff alleges that he was in severe pain for eight months before getting an appointment. The Inmate Request Form, filled out by plaintiff and attached to the complaint, indicates that he had an appointment sometime in March 2016 that was cancelled and then was rescheduled for June 20 after the request form was filed on May 8. Plaintiff also alleges that the pain prevented him from sleeping though the night. Plaintiff alleges no facts regarding whether his teeth have deteriorated or whether he was prevented from engaging in other activities. The Inmate Request Form does reflect that plaintiff has a "hole in his mouth (GUM)." *See* Doc. #1 at 7.

The Court will assume, for purposes of this ruling, that plaintiff had a serious dental need. According to the complaint, that serious need was not addressed for a period of over eight months, through no delay on the part of plaintiff. This extended delay, while the plaintiff had a serious dental need, satisfies the objective requirement of "serious harm."

Subjectively, plaintiff has pled facts that if true, tend to show that defendants were aware of his medical needs and that plaintiff was likely to suffer serious harm as a result of their inaction. Since May 2016, he had formally and informally complained on multiple occasions to the defendants about his eight-month wait for dental care and the extreme pain he was in. According to the complaint, he received notice of an upcoming appointment on June 20, 2016, and attempted to go to that appointment, but defendant Rosado denied him access to the

4

appointment. Accepting these allegations as true, defendants should have known that their inaction placed plaintiff at substantial risk of continuing to be in pain.

Furthermore, plaintiff was told multiple times that the delay was the result of budget cuts and the fact that he could not afford the co-pay. Using monetary factors, rather than medical expertise, as the basis for medical decisions "would show that the defendants had a culpable state of mind and that their choice of treatment was intentionally wrong and did not derive from sound medical judgment." *Chance*, 143 F.3d at 704. Plaintiff was denied needed dental care throughout this time period, and specifically on June 20, 2016, for allegedly monetary reasons, which further satisfies the subjective prong of the deliberate indifference test.

In sum, these allegations are sufficient to state a plausible claim for deliberate indifference. The claim will proceed against all defendants.

## CONCLUSION

In accordance with the foregoing analysis, the Court enters the following orders:

(1) The complaint will proceed on the claim against all defendants for deliberate indifference to a serious dental need.

(2) **The Clerk shall** verify the current work address of each defendant with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet to each defendant at the confirmed address within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver request on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual

capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)     **The Clerk shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal is directed to effect service of the complaint on the defendants in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **twenty-one (21) days** from the date of this order and to file a return of service within thirty (30) days from the date of this order.

(4)     **The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5)      The defendants shall file their response to the Complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date of the summons. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(6)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this Order. Discovery requests need not be filed with the court.

(7)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this Order.

(8)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9)     If plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. Plaintiff should also notify the defendant or the attorney for the defendant of his new address.

It is so ordered.

Dated at New Haven this 18th day of July 2016.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge